# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON MYSLAK, and : | No. 3:07cv866 |
| SONNY, INC., : | |
|     Plaintiffs, : | (Judge Munley) |
| : | |
| v. : | |
| : | |
| TRUCK AND TRAILER SALES & : | |
| LEASING CORP., : | |
| DETROIT DIESEL, and : | |
| PENN DETROIT DIESEL : | |
| ALLISON, INC., : | |
|     Defendants : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

The plaintiffs filed the instant complaint (Doc. 1) seeking damages for breach of contract and unjust enrichment on May 11, 2007. The complaint alleges that jurisdiction exists for this court pursuant to the diversity statute, 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, and thus have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert denied sub nom Upp v. Mellon Bank N.A., 510 U.S. 964 (1993). In fact, it is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*. Meritcare Inc. v.

St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

A basic requirement of pleading is that the jurisdiction of a federal court must appear on the face of the complaint. Schultz v. Cally, 528 F.2d 471, 474 (3d Cir. 1975). In the instant case, the plaintiff invokes this Court's jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Under this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. §1332(a). In cases where jurisdiction is based upon diversity of citizenship, there must be complete diversity between the plaintiff and all of the defendants. See Kraus v. Paxson Mach. Co., 1998 WL 62206, at *1 (E.D. Pa. 1998) (citing Stawbridge v. Curtiss, 7 U.S. 267 (1806)). Moreover, "[i]t is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court." Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977) (citing Thomas v. Bd. of Trs., 195 U.S. 207, 211 (1904)).

In the instant case we must apprise ourselves of the citizenship of the various parties to determine whether we have jurisdiction. We are uncertain of the

2

citizenship of plaintiff Myslak. He asserts only that he resides in Pennsylvania. Residency is not the same as citizenship for purposes of determining diversity. Citizenship for diversity purposes is synonymous with domicile. See Juvelis by Juvelis v. Snider, 68 F.3d 648, 654 (3d Cir.1995). Domicile is not the same as residence, as a person may reside in one place but be domiciled in another. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989). Thus, we cannot determine from the complaint in which state, if any, plaintiff Myslak is a citizen.

From the complaint, however, we can determine that plaintiff Sonny, Inc., is a citizen of Pennsylvania for the purposes of diversity jurisdiction. Plaintiff alleges that Sonny, Inc. is a Pennsylvania corporation with its principal place of business in Pennsylvania, and the corporation is therefore a citizen of Pennsylvania.

Based on plaintiffs' allegations, two of the defendants are also citizens of the Commonwealth of Pennsylvania. The plaintiff asserts that Defendant Truck and Trailer Sales & Leasing "is a Pennsylvania corporation with its principal offices located" in Selinsgrove, Pennsylvania. (Complaint (Doc. 1) at ¶ 3). Defendant Penn Detroit Diesel Allison, LLC, plaintiffs charge, "is a Pennsylvania Limited Liability Corporation with its principal place of business" in Philadelphia, Pennsylvania. (Id. at ¶ 5).

According to the allegations in the complaint, then, the case does not feature complete diversity between the parties. At least one of the plaintiffs is a

Pennsylvania citizen, as are two of the defendants.  When a case lacks complete diversity, this court lacks jurisdiction.  See 28 U.S.C. § 1332(a); Kraus, 1998 WL 62206 at *1.  Accordingly, we will dismiss the action for want of jurisdiction and order the Clerk of Court to close the case.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEON MYSLAK, and SONNY, INC., | : | No. 3:07cv866 |
| Plaintiffs, | : | (Judge Munley) |
| v. | : | |
| TRUCK AND TRAILER SALES & LEASING CORP., DETROIT DIESEL, and PENN DETROIT DIESEL ALLISON, INC., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 15th day of May 2007, the plaintiff's complaint (Doc. 1) is hereby **DISMISSED** for lack of jurisdiction. The Clerk of Court is directed to close the case.

                                                  **BY THE COURT:**

                                                  **s/ James M. Munley**
                                                  **JUDGE JAMES M. MUNLEY**
                                                  **United States District Court**